IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA, FOR THE
USE OF HDR ENTERPRISES, LLC, AND FOR
THE USE OF STEVE ARAGON D.B.A. DIVERSIFIED
MASONRY CONTRACTOR; ROCK SCAPES OF
NEW MEXICO, INC., CHRISTOPHER HERNANDEZ,
AND SHAWN SCHMIDT,**

       Plaintiffs,

vs.                                                                                  Civ. No. 09-437 RB/ACT

**MV INDUSTRIES, INC., COCHITI
COMMUNITY DEVELOPMENT
CORPORATION, LIBERTY MUTUAL
SURETY, MICHAEL VIGIL, GREG
MASTERMAN, MICHAEL CLOFELTER,
JOHN DOES I-X, AND ROE COMPANIES,
I-X,**

       Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]**

**THIS MATTER** comes before the Court on Defendant MV Industries, Inc., Michael

Vigil, Greg Masterman and Michael Clofelter's Motion to Dismiss for Failure to Prosecute

---

[1] Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas, N.W., Albuquerque, NM 87102. A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

(Plaintiffs HDR Enterprises,[2] LLC, Diversified Masonry Contractor, Christopher Hernandez and Shawn Schmidt) filed April 6, 2011 [Doc. 49].  On June 9, 2011, the Court gave Plaintiffs thirty (30) days to respond to the Motion to Dismiss for Failure to Prosecute [Doc. 56].  Plaintiffs did not respond.[3]  Defendants filed a Notice of Completion of Briefing on July 14, 2011 [Doc. 57].  This matter was referred to the undersigned on September 6, 2011 [Doc. 58].  After review of the pleadings and the relevant law, the Court will recommend that Defendants' Motion be granted.

## PROPOSED FINDINGS

1.    Federal Rule of Civil Procedure 41(b) states in pertinent part:  If the plaintiff fails to prosecute...a defendant may move to dismiss the action...against it."  The presumptive time for dismissal for want of prosecution is ninety (90) days.  D.N.M.LR-Civ. 41.1.

2.    On May 5, 2009, Plaintiffs filed their Complaint.  On August 10, 2009, Defendants filed a Motion to Compel Arbitration [Docs. No. 21, 22].  On January 12, 2010, the Court granted Defendants Motion to Compel Arbitration as to claims brought by HDR Enterprises, LLC, Diversified Masonry Contractor, Christopher Hernandez, and Shawn Schmidt and denied as to claims brought by Rock Scapes of New Mexico, Inc. [Doc. 32].   Defendant's assert that the claims have not been resolved through arbitration as ordered by the District Judge.

3.    A review of the docket shows that the last effort by Plaintiff HDR Enterprises, LLC

---

[2]The Court notes that Plaintiff HDR Enterprises, LLC does not have counsel and cannot represent itself. D.N.M. LR-Civ. 83.7 ("A corporation...must be represented by an attorney authorized to practice before this Court.").

[3] "Failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).  The Court cannot, however, grant a motion to dismiss based solely on plaintiff s failure to respond, and must consider the merits. *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002) (holding that a court must address the merits of a dispositive motion notwithstanding plaintiff's failure to respond).   Accordingly, [p]ursuant to D.N.M.LR-Civ. 7.1(b), the Court treats an issue to which no timely response is made as unopposed and resolves the issue in favor on the moving party unless it would be incorrect or improper to do so." *Baumeister v. New Mexico Comm'n for the Blind Orientation Ctr.*, 425 F. Supp. 2d 1250, 1268-69 (D.N.M. 2006).

to prosecute this was on February 23, 2011, when it filed a Motion to Dismiss Defendant Cochiti Community Development Corporation without prejudice. [Doc. 44.] Prior to that, the last effort to prosecute this action was a response to Defendants' Motion to Compel Arbitration on August 25, 2009 [Doc. 24].

4.   A review of the docket and the clerk's minutes for the status conference held on June 9, 2011, indicate that the Plaintiffs were counseled by the Court that they need an attorney to represent them and that the corporate Plaintiff can only appear by counsel.  Plaintiffs were also given thirty (30) days to respond to Defendants' Motion to Dismiss. [Doc. 49.] Finally, Plaintiffs were advised that unrepresented parties must comply with the court rules and orders. Plaintiffs filed nothing with the Court since the June 9, 2011, status conference.

5.   The above facts demonstrate that Plaintiffs have failed to prosecute this matter pursuant to Rule 41(b) and D.N.M.LV-Civ. 41.1.

## RECOMMENDED DISPOSITION

For all the foregoing, I recommend that Defendants Motion to Dismiss for Failure to Prosecute be granted and that Plaintiffs HDR Enterprises, LLC, Diversified Masonry Contractor, Christopher Hernandez, and Shawn Schmidt's claims against MV Industries, Michael Vigil, Greg Masterman and Michael Clofelter be dismissed with prejudice.

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**